**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**DAVE EALY**                                                                                 **PLAINTIFF**

**V.**                                                            **CASE NO. 2:11-CV-10**

**PENN NATIONAL GAMING, INC.
D/B/A HOLLYWOOD CASINO**                                      **DEFENDANT**

<u>MEMORANDUM OPINION</u>

This cause comes before the court on the unopposed motion **[18]** of Defendant Penn National Gaming, Inc. d/b/a Hollywood Casino for summary judgment. The plaintiff has not responded to the motion; however, the court adheres to Fifth Circuit precedent that an unopposed motion for summary judgment may not be granted absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006). Finding no such record, the court will examine the merits of the plaintiff's claims rather than simply grant the defendant's motion as unopposed.

Dave Ealy filed this lawsuit pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, claiming that he was wrongfully terminated based on his gender. Ealy was employed as a player services supervisor at Hollywood Casino from May 4, 2010 to June 3, 2010. His job responsibilities included supervising His job responsibilities included, *inter alia*, supervising player's services employees and ensuring that reservations were accurately and timely booked. After his termination, Ealy filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC then issued him a right to sue letter. On January 17, 2011, Ealy filed a complaint in this court, alleging that Hollywood Casino fired him

because he is a man and the company wanted a woman to fill his position.

In the instant motion, the defendant argues that summary judgment should be granted because the plaintiff was discharged for his unprofessional conduct, not his gender. Specifically, the defendant asserts that Ealy slept while on duty, touched his genital area in front of other employees, used profanity, and violated company policies on sexual harassment as well as other forms of workplace harassment. Hollywood Casino claims that six employees complained to Ealy's supervisor about his inappropriate behavior. According to the defendant, Ealy was terminated based on his short tenure with the company, the number of complaints against him, and violations of company policies.

Summary judgment should be granted when the evidence shows that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When ruling on a motion for summary judgment, the court must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.,* 627 F.3d 188, 191 (5th Cir. 2010)). Once the party seeking summary judgment meets its burden, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In order to survive summary judgment on a claim of employment discrimination based on circumstantial evidence, the plaintiff must first establish a prima facie case of intentional discrimination. *Bryan v. McKinsey & Co.,* 375 F.3d 358, 360 (5th Cir. 2004) (citing *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 142 (2000)). The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). If the employer satisfies its burden, the plaintiff must then show that either "(1) the employer's reason is pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Burrell v. Dr. Pepper/ Seven Up Bottling Grp.*, 482 F.3d 408, 411-412 (5th Cir. 2007).

To establish a claim for employment discrimination, the plaintiff must show that he (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class, or in the case of disparate treatment, show that other similarly situated employees were treated more favorably. *Bryan,* 375 F.3d at 360; see also *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 (5th Cir. 1999).

There is no dispute that Ealy is a member of a protected class (male), was qualified for his position, and suffered an adverse employment action. The plaintiff, however, was not replaced by someone outside of his protected class. Though Ealy alleges in his complaint that he was replaced by a woman, the record reveals that this information is false. According to a sworn statement given by the vice president of human resources for Hollywood Casino, Ealy was replaced by a man. The plaintiff does not assert a claim for disparate treatment in his complaint.

3

Therefore, the fourth element to a valid discrimination claim is missing. Based on the plaintiff's failure to make a prima facie showing of intentional discrimination, summary judgment is granted. A separate judgment shall will be issued this day pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 27th day of January 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**